WILKINS AND SMITH, Adm'rs, *vs.* SORRELLS et al.

[REAL ACTION IN THE NATURE OF EJECTMENT.]

1. *Administrators; what instrument of mortgage will authorize to recover land in action in law court, in their representative capacity.*—The administrators of a decedent caused his debtor, who had given to him a note and a mortgage on land to secure its payment, to give a new note, payable to them, and a mortgage conveying the same and additional lands, as a security for its payment to them, administrators of the estate of the decedent, for the benefit of the heirs of said estate,—*Held,* in an action by the administrators, as such, to recover the land, that the conveyance was to them in their representative character, and they were entitled to recover.

APPEAL from Chambers Circuit Court.
Tried before Hon. LITTLEBERRY STRANGE.

THE appellants, in their representative capacity, sued to recover a tract of land from the appellees. The complaint contains one count, based upon the possession of the decedent Wilkins, and another upon that of the plaintiffs as administrators. To support this declaration, two mortgages were introduced as evidence ; one made by Green J. Sorrells, conveying the land sued for to Wilkins, to secure the payment of a note for $553 10 ; and the other executed by the same party to " George S. Turner, administrator, and Elizabeth Wilkins, administratrix, of the estate of John L. Wilkins, deceased, for the benefit of the heirs of said estate of John Wilkins," conveying the same land and eighty acres additional, to secure the payment of a note for $837 00, payable to Turner and Elizabeth Wilkins, administrators of the estate of John L. Wilkins. It was further proved that the second note and mortgage were given to the administrators in renewal, and for the better security, of the debt mentioned in the first, and that the claim of the plaintiffs was as representatives only. The first note and mortgage were to be given up on the execution of the second. It was admitted that the defendants

were in possession of the land, and that the debt had not been paid. Upon this evidence the court charged the jury that the plaintiffs could not recover.

W. H. BARNES, for appellants, cited *Goldiny v. Golding*, 24 Ala. 129; *Patton v. Crow*, 26 Ala. 426; *Boynton v. Mc-Ewin*, 39 Ala. 348; 38 Ala. 137; Revised Code, § 2216.

JEFFERSON FALKNER, *contra.*—1. The first mortgage was cancelled by the parties, by force of the agreement when the second mortgage was given. It could not, therefore, avail the plaintiff.

2. The words "as administrator and administratrix of estate of John Wilkins, deceased, for the benefit of the heirs of the estate of John Wilkins," are *descriptio personæ.* This instrument created a trust for the benefit of heirs and creditors generally, and in law makes the administrators trustees, &c. Hence, they could not recover in their representative capacity. If there was a mistake in drawing the deed, it could not be corrected in a law court, or proved *aliunde.*—20 Ala. 573.

B. F. SAFFOLD, J.—The charge of the court seems to have been based on the assumption that the surrender and cancellation of the first note and mortgage was the consideration of the second, and that the second mortgage was made to the administrators individually, and they could not recover in their representative character.

The debt, for the security of which the mortgages were given, was assets of the estate, and recoverable by the administrators. The second mortgage was clearly made to them in their representative character and for a sufficient consideration. An administrator may sue as such upon a contract made with him in that character, though he is not bound to do so, but may sue in his individual right.—Chit. Plead. p. 21, (12th Am. ed. from 6th Lond. ed.) The complaint in this case was skillfully drawn, and is supported by the evidence.

The judgment is reversed, and the cause remanded.